[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-16256
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-00052-CR-4-SPM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC EUGENE BALCOM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(April 27, 2009)

Before BIRCH, CARNES and HULL, Circuit Judges.

PER CURIAM:

Eric Eugene Balcom, proceeding pro se, appeals the district court's denial of

his motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2).[1]  Balcom

based his motion both on Amendment 706 to the United States Sentencing

Guidelines, which reduced the base offense levels applicable to crack cocaine

offenses, and on Amendment 709, which addressed the calculation of a defendant's

criminal history.  Balcom contends that the district court's denial of his motion was

error because the court should have treated the guidelines as advisory in his case

under the Supreme Court's reasoning in United States v. Booker, 543 U.S. 220,

125 S. Ct. 738 (2005); Kimbrough v. United States, 552 U.S. __, 128 S.Ct. 558

(2007); and Gall v. United States, 522 U.S. __, 128 S. Ct. 586 (2007).  He also

argues that the court should have reevaluated his career-offender status because of

Amendment 709.

"We review de novo a district court's conclusions about the scope of its

legal authority under 18 U.S.C. § 3582(c)(2)."  United States v. James, 548 F.3d

983, 984 (11th Cir. 2008).  A district court may modify a term of imprisonment

where a defendant has been sentenced based on a sentencing range that has

subsequently been lowered by the Sentencing Commission.  See 18 U.S.C. §

3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B).  Any reduction, however, must be

"consistent with applicable policy statements issued by the Sentencing

---

[1] Balcom also filed a motion to file his reply brief out of time.  Because the government does not oppose Balcom's motion, it is GRANTED.

Commission." 18 U.S.C. § 3582(c)(2).

A defendant whose original sentence ultimately was based on something other than the offense level calculation under § 2D1.1 is precluded from receiving a sentence reduction under Amendment 706 because the amendment would not lower the applicable guideline range. See United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008) (denying a reduction for defendant subject to career offender statutory minimum), cert. denied, McFadden v. United States, 129 S. Ct. 965 (2009); U.S.S.G. § 1B1.10, cmt. 1(A) (noting that a defendant is not eligible for a reduction if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of [a] statutory provision (e.g., a statutory mandatory minimum term of imprisonment)").

The district court correctly denied Balcom's § 3582(c)(2) motion because Amendment 706 did not lower the guideline range that determined his sentence. Because his initial guideline range was below the statutory minimum, his guideline range became the statutory minimum. See U.S.S.G. § 5G1.1(b) (stating that "where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence"). Thus, the term of life imprisonment he received was based not on the amount of crack cocaine attributed to him but on the statutory

3

mandatory minimum in 21 U.S.C. § 841(b)(1)(A).  See United States v. Williams, 549 F.3d 1337, 1339–40 (11th Cir. 2008) (holding that a defendant sentenced the to statutory minimum was not eligible for a sentence reduction because Amendment 706 had no affect on his statutory minimum term of imprisonment).

Balcom's argument that Amendment 709 supports his § 3582(c)(2) motion also fails because that amendment is not included in § 1B1.10(c), and therefore it is not retroactively applicable.  See United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003) (noting that "amendments claimed in § 3582(c)(2) motions may be retroactively applied *solely* where expressly listed under § 1B1.10(c)").  This is true even if we were to consider Amendment 709 as a "clarifying" one.  See id. (noting that clarifying amendments, which are typically retroactive in the Eleventh Circuit, "may only be retroactively applied on direct appeal of a sentence or under a § 2255 motion").

Balcom's final argument that the reasoning in Booker, Kimbrough, and Gall supports reducing his sentence is foreclosed by our decision in United States v. Melvin, 556 F.3d 1190 (11th Cir. 2009).  See id. at 1192– 93 (holding that Booker and Kimbrough apply to original sentencing proceedings and do "not address motions to reduce a sentence under § 3582(c)(2)").  Although Melvin did not decide whether Gall applies to § 3582(c)(2) motions, we conclude that it does not

for the same reason we determined <u>Booker</u> and <u>Kimbrough</u> did not in <u>Melvin</u>: because <u>Gall</u> involved an original sentencing proceeding under § 3553 and not a motion to reduce a sentence under § 3852(c)(2). <u>See</u> <u>id.</u> at 1193.

The district court did not err in denying Balcom's § 3582(c)(2) motion.

**AFFIRMED.**